UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT C. JONES, | Case No. 3:22-cv-00193-MMD-CLB |
| Petitioner, | |
| v. | ORDER |
| OFFICE OF THE WARDEN (NNCC), *et al.*, | |
| Respondents. | |

*Pro se* Petitioner, Robert C. Jones, has submitted a pleading to the Court seeking relief with respect to his confinement at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 1.) Jones' avenue for relief in this Court would be a petition for writ of habeas corpus under 28 U.S.C. § 2254. A petition for writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this Court. *See* LSR 3-1, Local Rules of Practice, U.S. District Court of Nevada. Jones' pleading, however, is not on the Court's approved form.

In addition, the Court notes that Jones brought a previous habeas action in this Court challenging his conviction and sentence. *See Jones v. Palmer*, 3:11-cv-00467-MMD-WGC. In that proceeding, the Ninth Circuit Court of Appeals affirmed this Court's denial of Jones' habeas petition. *Id.* (ECF No. 77). The United States Supreme Court subsequently denied Jones' petition for writ of certiorari. *Id.* (ECF No. 92).

If a petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in the prior application. 28 U.S.C. § 2244(b)(1). In addition, the court cannot grant relief with respect to a claim that was not presented in the prior application unless:

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Moreover, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court. Thus, Jones is advised that a habeas petition filed in this Court without an order from the court of appeals authorizing such an action may be subject to dismissal for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

    Finally, this matter has not been properly commenced because Jones has neither paid the $5.00 filing fee for a habeas proceeding nor filed a completed application to proceed *in forma pauperis* on the Court's approved form. *See* Local Rule LSR 1-1. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate to his application.

    It is therefore ordered that this action is dismissed without prejudice.

    The Clerk shall enter judgment accordingly and close this case.

    It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

    DATED THIS 6th Day of May 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE